# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Chapter 7 |
| Hi-Point Construction Co., | Case No. 23-30135-jda |
| Debtor. _____/ | Hon. Joel D. Applebaum |
| Collene K. Corcoran, Chapter 7 Trustee, | |
| Plaintiff, | Adv. Proc. No. |
| v. | Hon. Joel D. Applebaum |
| American Builders & Contractors Supply Co., Inc., | |
| Defendant. _____/ | |

## COMPLAINT

Collene K. Corcoran, Chapter 7 Trustee of Debtor Hi-Point Construction Co., by and through her attorney, Samuel D. Sweet, PLC, and for her Complaint against American Builders & Contractors Supply Co., Inc. ("<u>Defendant</u>"), alleges:

## JURISDICTION, VENUE, AND PARTIES

1. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H), and (O).

3. This is an adversary proceeding under Fed. R. Bankr. P. 7001.

4. Venue is proper under 28 U.S.C. § 1409.

5. Debtor filed for relief under Chapter 11 of Title 11 of the United States Code on January 20, 2023 ("Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan – Flint ("Bankruptcy Court").

6. This case was converted from Chapter 11 to Chapter 7 on April 26, 2023 and Collene K. Corcoran was appointed Chapter 7 Trustee. [Docket No. 298].

7. Defendant is a Michigan corporation that is headquartered in Michigan.

8. The Trustee consents to entry of a final order or judgment by the Bankruptcy Court.

**COUNT I – PREFERENTIAL TRANSFERS – 11 U.S.C. § 547(b)**

9. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

10. Before the Petition Date, Defendant did business with Debtor by providing building materials and/or services to Debtor in connection with its business operations.

11. During the ninety-day period before the Petition Date, Defendant received payments totaling at least $2,588.33 from Debtor as set forth on attached Exhibit A (collectively, the "Transfers").

12. Debtor made or caused to be made the Transfers to Defendant.

13. The Transfers were transfers of an interest in Debtor's property – namely, money from Debtor's bank account(s).

14. The Transfers were to or for the benefit of Defendant.

15. Defendant received the Transfers and deposited them in Defendant's bank account.

16. Defendant was a creditor of Debtor on the date(s) that the Transfers were made.

17. The Transfers were made for or on account of antecedent debts owed by Debtor to Defendant before such Transfers were made.

18. The Transfers were payments for building materials and/or services sold by Defendant to Debtor.

19. Under 11 U.S.C. § 547(f), Debtor is presumed to have been, and was in fact, insolvent at the time the Transfers were made as

evidenced by, among other things: Debtor's significant secured and unsecured liabilities and a general inability to pay its debts as the debts became due.

20. Due to the size of claims and shortfall in recoverable assets in Debtor's bankruptcy case, creditors will not be paid the full amount of their claims.

21. The Transfers enabled Defendant to receive more than Defendant would have received if (i) Debtor's case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

22. The Transfers constitute preferential transfers that are avoidable under 11 U.S.C. § 547(b).

**COUNT II – FRAUDULENT TRANSFERS – 11 U.S.C. § 548(a)(1)(B)**

23. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

24. Count II is pled in the alternative to Count I.

25. Debtor received less than a reasonably equivalent value in exchange for each of the Transfers because, among other reasons, Debtor was not obligated to make the Transfers or otherwise received no benefit or

less than a reasonably equivalent value from Defendant in exchange for the Transfers.

26. At all times when the Transfers were made, Debtor was insolvent as evidenced by, among other things: Debtor's significant secured and unsecured liabilities and a general inability to pay its debts as the debts became due.

27. For the reasons set forth in ¶ 26 above, Debtor was insolvent on the dates that the Transfers occurred or became insolvent as a result of the Transfers.

28. For the reasons set forth in ¶ 26 above, Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which Debtor's remaining property was an unreasonably small capital.

29. For the reasons set forth in ¶ 26 above, Debtor intended to incur, or believed that it would incur, debts beyond Debtor's ability to pay as such debts matured.

30. The Transfers constitute fraudulent transfers that are avoidable under 11 U.S.C. § 548(a)(1)(B).

## COUNT III – RECOVERY UNDER 11 U.S.C. § 550

31. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

32. Defendant exercised dominion-and-control over the Transfers after the Transfers were made.

33. Defendant is the initial transferee of the Transfers.

34. Alternatively, Defendant was either the entity for whose benefit the Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

35. To the extent it is determined that Defendant is an immediate or mediate transferee of the Transfers, Defendant did not take for value, in good faith, or without knowledge of the voidability of the Transfers.

36. The Transfers are avoidable under either Count I or II of this Complaint and recoverable from Defendant under 11 U.S.C. § 550(a).

37. The Trustee is entitled to a judgment recovering the Transfers under 11 U.S.C. §§ 550(a) and 551, or the value thereof, from Defendant for the benefit of Debtor's estate.

## COUNT IV – CLAIM DISALLOWANCE – 11 U.S.C. § 502(d)

38. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

6

39. The Transfers are avoidable under 11 U.S.C. §§ 547 and/or 548.

40. Defendant is the transferee of the Transfers.

41. The Transfers are recoverable under 11 U.S.C. § 550.

42. Despite demand, Defendant has not paid or surrendered the Transfers.

43. Any present or future claims of Defendant against Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant as follows:

(A) On Counts I and III, under 11 U.S.C. §§ 547(b), 550(a), and 551, (i) avoiding the Transfers, (ii) directing that the Transfers be set aside, and (iii) recovering the Transfers, or the value thereof, from Defendant for the benefit of Debtor's estate;

(B) On Counts II and III, under 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551, (i) avoiding the Transfers, (ii) directing that the Transfers be set aside, and (iii) recovering the Transfers, or the value thereof, from Defendant for the benefit of Debtor's estate;

(C) On Count IV, under 11 U.S.C. § 502(d), disallowing any present or future claims Defendant may have against Debtor's estate;

(D) Awarding the Trustee all applicable interest, attorneys' fees, costs, and disbursements from this action; and

(E) Granting the Trustee such other relief as the Court deems just and equitable.

Respectfully submitted,

Dated: March 11, 2024
By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
52 E. Burdick Street #10
Oxford, Michigan 48371
Telephone: (248) 236-0985
Email: trusteesweet@hotmail.com